## IN THE UNITED STATES DISTRICT COURT FOR THE

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BERNARD GORDON, ) | CV F 04-5363 LJO WMW HC |
| ) | |
| Petitioner, ) | MEMORANDUM OPINION |
| ) | AND ORDER RE PETITION |
| v. ) | FOR WRIT OF HABEAS |
| ) | CORPUS |
| ) | |
| C. K. PLILER, Warden, ) | ORDER DENYING |
| ) | CERTIFICATE OF |
| Respondent. ) | APPEALABILITY |
| ) | |

Petitioner is a state prisoner proceeding with the assistance of counsel on a petition for writ of habeas corpus pursuant to 28 U.S.C. Section 2254.

### BACKGROUND

Petitioner was convicted on May 13, 1988, in Fresno County Superior Court of murder ( Penal Code section 187), special circumstances murder during robbery (Penal Code section 190.2(a)(17), robbery (Penal Code section 211), and personal use of a handgun (Penal Code section 12022.5). The trial court sentenced Petitioner to a term of life imprisonment without the possibility of parole, plus two consecutive years for gun use.

**LEGAL STANDARD**

JURISDICTION

Relief by way of a petition for writ of habeas corpus extends to a person in custody pursuant to the judgment of a state court if the custody is in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2254(a); 28 U.S.C. § 2241(c)(3); Williams v. Taylor, 120 S.Ct. 1495, 1504 fn.7 (2000). Petitioner asserts that he suffered violations of his rights as guaranteed by the United States Constitution. In addition, the conviction challenged arises out of the Fresno County Superior Court, which is located within the jurisdiction of this court. 28 U.S.C. § 2254(a); 2241(d). Accordingly, the court has jurisdiction over the action.

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which applies to all petitions for writ of habeas corpus filed after its enactment. Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059, 2063 (1997), *cert. denied,* 522 U.S. 1008, 118 S.Ct. 586 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997) (quoting Drinkard v. Johnson, 97 F.3d 751, 769 (5th Cir.1996), *cert. denied,* 520 U.S. 1107, 117 S.Ct. 1114 (1997), *overruled on other grounds by* Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059 (1997) (holding AEDPA only applicable to cases filed after statute's enactment). The instant petition was filed after the enactment of the AEDPA, thus it is governed by its provisions.

STANDARD OF REVIEW

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

The AEDPA altered the standard of review that a federal habeas court must apply with respect to a state prisoner's claim that was adjudicated on the merits in state court. Williams v. Taylor, 120 S.Ct. 1495, 1518-23 (2000). Under the AEDPA, an application for

habeas corpus will not be granted unless the adjudication of the claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States;" or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State Court proceeding." 28 U.S.C. § 2254(d); Lockyer v. Andrade, 123 S.Ct. 1166, 1173 (2003) (disapproving of the Ninth Circuit's approach in Van Tran v. Lindsey, 212 F.3d 1143 (9th Cir. 2000)); Williams v. Taylor, 120 S.Ct. 1495, 1523 (2000). "A federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." Lockyer, at 1174 (citations omitted). "Rather, that application must be objectively unreasonable." Id. (citations omitted).

While habeas corpus relief is an important instrument to assure that individuals are constitutionally protected, Barefoot v. Estelle, 463 U.S. 880, 887, 103 S.Ct. 3383, 3391-3392 (1983); Harris v. Nelson, 394 U.S. 286, 290, 89 S.Ct. 1082, 1086 (1969), direct review of a criminal conviction is the primary method for a petitioner to challenge that conviction. Brecht v. Abrahamson, 507 U.S. 619, 633, 113 S.Ct. 1710, 1719 (1993). In addition, the state court's factual determinations must be presumed correct, and the federal court must accept all factual findings made by the state court unless the petitioner can rebut "the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1); Purkett v. Elem, 514 U.S. 765, 115 S.Ct. 1769 (1995); Thompson v. Keohane, 516 U.S. 99, 116 S.Ct. 457 (1995); Langford v. Day, 110 F.3d 1380, 1388 (9th Cir. 1997).

## DISCUSSION

In his petition, Petitioner raises three main contentions, each of which is supported by numerous subclaims. First, Petitioner contends that the state's failure to disclose numerous favorable, material, and impeaching facts violated the Fifth, Sixth and Fourteenth Amendments, mandating reversal. Second, Petitioner contends that the state's presentation

3

of false testimony and failure to disclose or correct that testimony mandates reversal. Third, Petitioner alleges cumulative error mandating reversal. Although Petitioner presents an analysis of the law supporting his contentions, he does not discuss the legal standard applicable to this petition for writ of habeas corpus filed in federal district court. That is, he does not discuss the AEDPA standard of review set forth above. Rather, he discusses his contentions as if this court would be considering them on de novo review.

Respondent raises this lack of AEDPA analysis in his answer and in response, Petitioner addresses the issue in his traverse. Specifically, in his traverse, Petitioner raises contentions challenging the AEDPA on constitutional grounds and also discusses the application of the AEDPA standards to his case. However, a traverse is not the proper pleading in which to raise additional grounds for relief. To allow a party to do so deprives the opposing party of an opportunity to respond. <u>Cacoperdo v. Demosthenes</u>, 37 F.3d 504, 507 (9th Cir.1994). This court will not allow Petitioner to reframe his entire petition in his traverse.

The burden is on Petitioner to demonstrate in his petition that the state court's adjudication of his claims "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States;" or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State Court proceeding." 28 U.S.C. § 2254(d). In light of Petitioner's failure to address these standards in his petition, the court finds that Petitioner has failed to carry his burden.

Petitioner may seek to appeal from the judgment of the court in this case. Petitioner cannot proceed on such an appeal absent a certificate of appealability. The controlling statute, 28 U.S.C. § 2253, provides as follows:

(a) In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.
(b) There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.
(c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from--
(A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court;  or
(B) the final order in a proceeding under section 2255.
(2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
(3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

In the present case, the court finds no denial of a constitutional right. Accordingly, a certificate of appealability is denied.

IT IS HEREBY ORDERED as follows:

1)   This petition for writ of habeas corpus is DENIED;

2)   A certificate of appealability is DENIED;

3)   The Clerk of the Court is directed to enter judgment for Respondent and to close this case.

IT IS SO ORDERED.

**Dated:   March 26, 2008**              /s/ Lawrence J. O'Neill
                                        UNITED STATES DISTRICT JUDGE